1 | KENNETH A. FEINSWOG
2 | kfeinswog@aol.com
  | Bar No. 129562
3 | 400 Corporate Pointe, Suite 300
4 | Culver City, California 90230
  | Telephone: (310) 846-5800
5 | Facsimile: (310) 846-5801

6

7 | Attorney for Plaintiff

8

9 | **UNITED STATES DISTRICT COURT**
  | **FOR THE CENTRAL DISTRICT**
10 | **OF CALIFORNIA**

11

12

13

14 | ------------------------------------------------------X   **CIVIL ACTION NO.**
   | BRAVADO INTERNATIONAL GROUP
15 | MERCHANDISING SERVICES, INC.,

16 | **COMPLAINT FOR**
   | **TRADEMARK AND**
17 | **RIGHT OF PUBLICITY**
   | **INFRINGEMENT AND**
18 | Plaintiff,   **UNFAIR COMPETITION**

19 | HUDSON OUTERWEAR, INC.,
20 | MAXIMA IP HOLDINGS I LLC,
   | MAXIMA IP HOLDINGS II LLC,
21 | MAXIMA IP HOLDINGS IV LLC,
22 | MAXIMA IP HOLDINGS V LLC,
   | MAXIMA OPERATING I LLC,
23 | MAXIMA OPERATING II LLC,
24 | MAXIMA OPERATING IV LLC,
25 | MAXIMA OPERATING V LLC,
   | APPAREL ZOO, INC., SEX MONEY
26 | WEED, DOUBLE NEEDLE, POST
27 | GAME, INC., METROPOLIS BIG &

28

1

TALL, TRADITION, LLC and JEMIK ADAMS,

Defendants.
------------------------------------------------------X

## JURISDICTION AND VENUE

1. Plaintiff Bravado International Group Merchandising Services, Inc. is a corporation duly organized under the laws of the State of California with a place of business in Los Angeles, California.

2. Upon information and belief, at all relevant times herein, Defendants HUDSON OUTERWEAR, INC., MAXIMA IP HOLDINGS I LLC, MAXIMA IP HOLDINGS II LLC, MAXIMA IP HOLDINGS IV LLC, MAXIMA IP HOLDINGS V LLC, MAXIMA OPERATING I LLC, MAXIMA OPERATING II LLC, MAXIMA OPERATING IV LLC, MAXIMA OPERATING V LLC, APPAREL ZOO, INC., SEX MONEY WEED, DOUBLE NEEDLE, POST GAME, INC., METROPOLIS BIG & TALL, TRADITION, LLC and JEMIK ADAMS have transacted business in and/or have committed their infringing activities alleged below in the Central District of California, including selling infringing goods in and/or transporting infringing goods into the Central District of California, and/or knew that said activities would affect Plaintiff, a California corporation, and/or would have an effect in the Central District of California.

3. This action arises under the Lanham Trademark Act (15 U.S.C. 1051 et seq). This Court has jurisdiction over this action under 28 U.S.C. 1331, 28 U.S.C. 1338(a) and 15 U.S.C. 1125(a). This Court also has supplemental

jurisdiction over the Second, Third, Fourth and Sixth Causes of Action because they arise out of a common nucleus of operative facts as the First Cause of Action.

## PARTIES

4. Kanye West, Lil Wayne, Tupac Shakur, Usher, J. Cole, Big Sean and Nicki Minaj (the "Musical Performers") are world famous performers who have used their respective names, trademarks and likenesses to identify themselves in all phases of the entertainment industry to distinguish themselves from other professional entertainers.

5. Plaintiff has been, at all times relevant herein, engaged in the business of marketing and selling merchandise bearing the names, trade names, trademarks, logos and/or likenesses of the Musical Performers throughout the United States pursuant to agreements between Plaintiff and the Musical Performers that grant to Plaintiff the exclusive right to sell products bearing said parties' names, trademarks and likenesses and/or the right to commence lawsuits regarding infringement of their rights.

6. Defendants are or were distributing, advertising and selling unauthorized shirts and/or other items embodying the names, trademarks and/or likenesses of the Musical Performers (collectively the "Infringing Merchandise") and/or using the names, trademarks and/or likenesses to sell products throughout the United States by various means of interstate transport and delivery in violation of the rights of Plaintiff and the Musical Performers under the Lanham Act.

# BACKGROUND

7. Each of the Musical Performers has achieved nationwide fame and notoriety.

8. Since the dates as set forth below, the Musical Performers have identified themselves with each party's respective name and trademark as set forth below. Separately, and/or in conjunction with the likenesses of the Musical Performers, the Musical Performers' trademarks and/or likenesses have been used to distinguish merchandise pertaining to the Musical Performers from other parties.

| **Trademark** | **Trademark Used By Musical Performer As Early As Following Date** |
|---|---|
| Kanye West | 2002 |
| Tupac Shakur | 1996 |
| Nicki Minaj | 2010 |
| Lil Wayne | 2002 |
| Usher | 1997 |
| J. Cole | 2009 |
| Big Sean | 2004 |

9. Each of the Musical Performers has sold and/or has had licensed sales of tens of thousands of dollars worth of licensed merchandise bearing each party's respective name, trademark and/or likeness. Defendants' sale of the Infringing Merchandise is and will be without permission or authority of Plaintiff or any of the Musical Performers.

10. Defendants' unlawful activity results in irreparable harm and injury to Plaintiff and the Musical Performers in that, among other things, it deprives Plaintiff and the Musical Performers of their absolute right to determine the manner in which their images are presented to the general public through merchandising; deceives the public as to the origin and sponsorship of such merchandise; wrongfully trades upon and cashes in on the Musical Performers' reputations, commercial value and exclusive rights and it irreparably harms and injures the reputations of Plaintiff and the Musical Performers.

## AS AND FOR A FIRST CAUSE OF ACTION
## Violation of 15 U. S. C. 1125(a)

11. Plaintiff repeats and realleges paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12. This cause arises under 15 U.S.C. 1125(a) relating to trademarks, trade names and unfair competition and involves false designations in commerce.

13. The names, trademarks and likenesses of the Musical Performers (hereinafter collectively sometimes referred to as the "Musical Performers' Marks") have been used as marks to identify the respective Musical Performers and have been used in connection with their performing services and the sale of various types of merchandise throughout the United States. As a result of same, the Musical Performers' Marks have developed and now have a secondary and distinctive trademark meaning to purchasers of merchandise.

14. Infringing Merchandise has been advertised and sold by Defendants, containing and/or using the names, trademarks, and/or likenesses of the Musical

Performers. By misappropriating and using the Musical Performers' Marks in advertising and/or on the goods that Defendants have sold, Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

15. Defendants' advertising and sale of the Infringing Merchandise have infringed and will infringe upon and dilute the trademarks, names and likenesses of the Musical Performers.

16. Defendants' advertising and/or sale of the Infringing Merchandise will be damaging to and will dilute the good will generated by each of the Musical Performers and the reputations which all of the Musical Performers have developed in connection with the sale of legitimate, authorized and high quality merchandise.

17. Defendants' unlawful merchandising activities are without permission or authority of Plaintiff or any of the Musical Performers and constitute express and implied misrepresentations that the Infringing Merchandise was created, authorized or approved by Plaintiff and/or the Musical Performers.

18. Defendants' aforesaid acts are willful violations of 15 U.S.C. 1125(a) in that Defendants used, in connection with goods and services, a false designation of origin and have caused and will continue to cause said goods (the Infringing Merchandise) to enter into interstate commerce.

19.     Plaintiff and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

20.     As a result of Defendants' activities, Plaintiff and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SECOND CAUSE OF ACTION
## Violation of Section 3344 of the California Civil Code

21.     Plaintiff repeats and realleges paragraphs 1 through 10 and 12 through 20 of this Complaint as if fully set forth herein.

22.     Each Musical Performer is a celebrated musical performer with a proprietary interest, <u>inter alia</u>, in the use in public of each party's respective name and/or likeness.

23.     Upon information and belief, Defendants have sold and distributed the Infringing Merchandise bearing the names and/or likenesses of the Musical Performers and/or have used said names and/or likenesses in advertising for Defendants' goods.

24.     Neither Plaintiff nor any of the Musical Performers or any party acting on their behalf has given oral or written consent to Defendants for the use of said names and/or likenesses on any items and/or in connection with advertising for any goods.

25. Defendants have violated California Civil Code Section 3344 by knowingly appropriating, using and exploiting the names and/or likenesses of the Musical Performers on the Infringing Merchandise that they distribute or in advertising for any goods for their commercial benefit without the consent of Plaintiff or the Musical Performers.

26. As a result of their infringing activities, Defendants have deprived Plaintiff and the Musical Performers of the right to control the time, place, terms and manner by which to publicize said parties' respective special talents.

27. Plaintiff and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

28. As a result of Defendants' activities, Plaintiff and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A THIRD CAUSE OF ACTION
## Violation of Common Law Unfair Competition

29. Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20 and 22 through 28 of this Complaint as if fully set forth herein.

30. The marks used on the Infringing Merchandise are identical to the Musical Performers' Marks and Defendants' use thereof is likely to, and is certainly intended to, cause confusion to purchasers.

31. Defendants, by misappropriating and using the Musical Performers' Marks, have utilized unfair means to usurp the good will and distinctive attributes of the Musical Performers' marks.

32. Defendants have misrepresented and falsely described to the general public the origin and source of the Infringing Merchandise so as to cause confusion by the ultimate purchaser as to both the source and sponsorship of the Infringing Merchandise.

33. Plaintiff and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

34. As a result of Defendants' activities, Plaintiff and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of Common Law Right of Publicity

35. Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28 and 30 through 34 of this Complaint as if fully set forth herein.

36. Defendants' unauthorized use of the Musical Performers' names and/or likenesses constitutes common law right of publicity violations.

37. Plaintiff and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

38. As a result of Defendants' activities, Plaintiff and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Trademark Dilution Under 15 U.S.C. 1125(c)

39. Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34 and 36 through 38 of this Complaint as if fully set forth herein.

40. By virtue of the Musical Performers' long and continuous use of the Musical Performers' Marks in interstate commerce, said marks have become and continue to be famous within the meaning of 15 U.S.C. 1125(c). As such said marks are eligible for protection against dilution pursuant to 15 U.S.C. 1125(c).

41. Defendants' use of the Musical Performers' Marks in connection with the merchandise that they are selling has threatened to cause and is causing dilution of the distinctive quality of the famous Musical Performers' marks by lessening Plaintiff's and the Musical Performers' capacity to identify the goods in violation of 15 U.S.C. 1125(c).

42. Plaintiff and the Musical Performers will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

43. As a result of Defendants' activities, Plaintiff and the Musical Performers have been damaged in an amount not yet determined or ascertainable.

## AS AND FOR A SIXTH CAUSE OF ACTION
## Violation of Section 3344.1 of the California Civil Code

44. Plaintiff repeats and realleges paragraphs 1 through 10, 12 through 20, 22 through 28, 30 through 34, 36 through 38 and 40 through 43 as if fully set forth herein.

45. Tupac Shakur was a celebrated musical performer with a proprietary interest, inter alia, in the use in public of his name and likeness. Tupac Shakur died on September 13, 1996. On September 27, 2004, Amaru Entertainment, Inc. ("Amaru") registered a claim pursuant to California Civil Code Section 3344.1. Plaintiff has been granted the exclusive right to use the Tupac Shakur likeness in connection with all merchandise including shirts and other goods.

46. Defendants have used the Tupac Shakur name and likeness in connection with the advertising, sale and/or distribution of the Infringing Merchandise.

47. Neither Plaintiff nor any party acting on behalf of Amaru has given oral or written consent to Defendants for the use of the Tupac Shakur name and/or likeness.

11

48.     Defendants have violated California Civil Code Section 3344.1 by knowingly appropriating, using and exploiting the Tupac Shakur name and/or likeness in connection with the commercial exploitation and/or advertisement of the merchandise that they have distributed for their commercial benefit without the consent of Plaintiff or any party authorized to give such consent.

49.     Defendants' activities have deprived Plaintiff and Amaru of the right to control the time, place, terms and manner by which to publicize Tupac Shakur's special talents.

50.     Plaintiff and Amaru will have no adequate remedy at law if Defendants' activities are not enjoined and will suffer irreparable harm and injury to their images and reputations as a result thereof.

51.     As a result of Defendants' activities, Plaintiff and Amaru have been damaged in an amount not yet determined or ascertainable.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

A.      A Preliminary Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe  that Defendants' merchandise was sponsored and/or authorized by Plaintiff and/or any of the Musical Performers;

B.  A Permanent Injunction restraining, enjoining and prohibiting each of the Defendants from manufacturing, distributing, advertising or selling any and all merchandise bearing the names, trademarks and/or the likenesses of any of the Musical Performers or any one or more of them and/or anything confusingly similar thereto and/or any mark or designation that would cause consumers to believe Defendants' merchandise was sponsored and/or authorized by Plaintiff and/or any of the Musical Performers;

C.  Three times Defendants' profits or three times the damages suffered by Plaintiff or the Musical Performers, whichever is greater, and reasonable attorneys' fees and costs pursuant to the First and Fifth Causes of Action;

D.  Defendants' profits and/or the damages suffered by Plaintiff or the Musical Performers and/or statutory damages of no less than $750.00 for each name and/or likeness that Defendants have used on each different product and/or in advertising plus punitive damages and attorneys' fees pursuant to California Civil Code Sections 3344 and 3344.1 (the Second and Sixth Causes of Action);

E.  Defendants' profits or damages suffered by Plaintiff or the Musical Performers, whichever is greater, plus punitive damages pursuant to the Third and Fourth Causes of Action;

F.  An award of interest, including pre-judgment interest, on the foregoing sums; and

G. Such other and further relief that this Court deems to be just and proper.

Dated: August 31, 2016             Respectfully submitted,
       Culver City, CA

                                             By: s/Kenneth A. Feinswog
                                             KENNETH A. FEINSWOG
                                             Attorney for Plaintiff
                                             400 Corporate Pointe, Suite 300
                                             Culver City, CA 90230
                                             Telephone: (310) 846-5800
                                             Facsimile:  (310)-846-5801